IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DONALD HAYNES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 04-1281-T/An |
| HENRY COUNTY et al., | ) | |
| Defendants. | ) | |

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff James Donald Haynes, prison registration number 371631, an inmate at the West Tennessee State Prison, who was formerly incarcerated at the Henry County Jail (HCJ) in Paris, Tennessee, filed this complaint under 42 U.S.C. § 1983 and paid the filing fee.

I. ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff sues Henry County,[1] Henry County Sheriff David Bumpus, HCJ employees Lieutenant Gary Dicus and Nurse Practitioner Lynn Dicus, and Dr. Terry Harrison for "medical neglect/malpractice." Plaintiff alleges that, while he was incarcerated at the HCJ in September of 2003, he complained of chest pain and was taken to the Henry County Clinic, where an EKG was performed and a chest x-ray taken. Plaintiff alleges that, upon his return to the HCJ, defendant Nurse Practitioner Dicus told him that his "heart look[ed] good." On some unspecified date, Haynes was transferred to the Middle Tennessee Mental Health Facility (MTMHF) where he suffered a heart attack on November 2, 2003.

---

[1] Plaintiff named the HCJ as a defendant. The Jail is not a suable entity. Therefore the Court construes the complaint to name Henry County as the defendant. See Hafer v. Melo, 502 U.S. (1991).

On November 25, 2003, Haynes was transported back to the HCJ where he was required to take medication on an empty stomach, resulting in severe stomach pains. He alleges that, when defendant Lieutenant Dicus was told about his pain, Dicus told him to lie down on the bed. He alleges that he continued to suffer from chest pain until December 28, 2003, at which time he partially lost consciousness. He alleges that, the following day, defendant Dicus helped him to a vehicle and he was taken to the Henry County Clinic where an EKG was performed. Haynes alleges that he received no medication.

Haynes alleges that, approximately one month later, he was transferred to the West Tennessee State Prison, where he received medical evaluation and was told he was suffering from pneumonia. He was later transferred to the Whiteville Correctional Facility, where he was told he had previously suffered two heart attacks. Plaintiff alleges that defendant Dr. Harrison reviewed his EKGs and defendant Nurse Practitioner Dicus works with defendant Harrison, as well as at the HCJ on Tuesday nights.

Haynes was required to have exhausted his administrative remedies on all claims presented before filing. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Forty-two U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

Haynes alleges that the HCJ had no grievance procedure. To the extent that allegation is insufficient to demonstrate that he totally exhausted his administrative remedies for these claims, 28 U.S.C. 1997e(c)(2) provides that a court may dismiss a frivolous claims or claims which fail to state a claim upon which relief may be granted:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the Court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2).

2

The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). Under the Supreme Court decision of Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

An Eighth Amendment claim consists of objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice

3

or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

Within the context of Estelle claims, the objective component requires that the medical need be sufficiently serious. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

A local governmental entity, such as a county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the [county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992). See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).

In this case, it is clear from the complaint that plaintiff relies entirely on the fact that he was confined in and received medical care at county institutions as the basis for his claims

4

that Henry County violated his civil rights. None of the facts alleged supports an inference that Henry County maintains a policy of deliberate indifference to serious medical needs.

Furthermore, the complaint contains no factual allegations of any action by Sheriff Bumpus. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Furthermore, there is no respondeat superior liability under § 1983. Monell, 436 U.S. at 691; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that plaintiff relies entirely on the supervisory capacity of the Sheriff at the HCJ as the sole basis for any claim that he violated plaintiff's rights.

Plaintiff does not provide any allegations demonstrating that defendant Lieutenant Dicus was deliberately indifferent to a serious medical needs. Haynes alleges that he suffered stomach pain after taking medication on an empty stomach. He alleges that Dicus told him to lay down on the bed "and nothing was done to relieve him." In this instance, plaintiff fails to allege that he was ever treated or required medical treatment for his stomach pain and thus, fails to establish a serious medical need.

Furthermore, Haynes alleges that Dicus assisted with his transportation to the Henry County Clinic after his episode of semi-consciousness. Plaintiff alleged that another officer stated he "was out of it" at approximately seven p.m. the previous evening. He does not allege that Dicus was on duty that evening or aware of his condition. Furthermore, after plaintiff was transported to the clinic, no treatment was prescribed by any doctor after the EKG was performed. Plaintiff's allegations fails to establish either component of an Estelle violation by Dicus.

5

Plaintiff admits received medical evaluation while at the HCJ by the defendant Nurse Practitioner Dicus and Dr. Harrison. Plaintiff's disagreement with the observations and conclusions of the examining nurse practitioner and doctor does not convert his contentions into Eighth Amendment claims. See, e.g., Hatch v. Stempson, 1990 U.S. Dist. LEXIS 988, slip op. at 4-5 (D.D.C. Jan. 31, 1990)(inmate not entitled to refuse "Bufferin" and demand "Motrin"). Federal courts will not engage in second guessing the choice of a treatment program by medical personnel. See, e.g., Westlake, 537 F.2d at 860 n.4.

Even if medical personnel were negligent in their evaluation, diagnosis, and treatment of plaintiff's injury, this would amount at most to medical malpractice. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-06. The complaint simply does not allege any facts supporting a claim that the Eighth Amendment was violated.

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and is, therefore, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. APPEAL ISSUES

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint which fails to state a claim upon which relief may be granted has sufficient merit to support an appeal in forma pauperis. Accordingly, the same considerations that lead the Court to

dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee,[2] he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the second dismissal in this district of one of his cases for failure to state a claim. See Haynes v. Fagan, No. 04-1262 (W.D. Tenn. Jan. 20, 2005).

IT IS SO ORDERED this 2nd day of May, 2005.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01281 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

James D. Haynes
W.T.S.P.
371631
P.O. Box 1150
Henning, TN 38041

Honorable James Todd
US DISTRICT COURT